# Karasavage *v.* The Philadelphia & Reading Coal & Iron Company, Appellant.

*Workmen's Compensation Law—Surgical services—Refusal to accept—Evidence to support finding of fact.*

Whether or not refusal of a claimant to submit to a delicate operation on his eye was justified, is a question for the referee,

84 KARASAVAGE *v.* PHILA. & R. C. & I. CO., Appel.

under the Workmen's Compensation Act. There being evidence that the injured man knew of cases where similar operations had been unsuccessful and caused complete loss of vision, it cannot be said that there was no evidence to support the referee in finding for the claimant, in spite of his refusal to be operated upon.

Argued December 7, 1920. Appeal, No. 13, Oct. T., 1920, by defendant, from judgment of C. P. Northumberland County, Feb. T., 1919, No. 30, affirming award of Workmen's Compensation Board in the case of George Karasavage v. The Philadelphia and Reading Coal and Iron Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from the Workmen's Compensation Board. Before CUMMINGS, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* among others, was decree of the court sustaining of the award.

*Voris Auten,* for appellant, cited: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Lane v. White, 140 Pa. 99; Kille v. Reading Iron Works, 134 Pa. 225; Laukhauff's Est., 39 Pa. Superior Ct. 117.

*Roger J. Dever,* for appellee, cited: Messinger v. Lehigh Valley R. R. Co., 261 Pa. 336; Poluskiewicz v. Phila. & Reading Coal & Iron Co., 257 Pa. 305.

OPINION BY HEAD, J., March 5, 1921:

The plaintiff appellee, during the course of his employment with the appellant company, received a serious injury to one of his eyes. He sought compensation therefor from the Workmen's Compensation Board. The ref-

eree heard the case found the facts and made an award in his favor. Upon a consideration of his action by the board itself, the award was confirmed. An appeal to the court of common pleas afforded the employer company no relief and the case has finally reached us.

Section 306 of the Compensation Act provides, inter alia, "If the employee shall refuse reasonable surgical, medical and hospital services,......he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal." Who is to determine in a given case whether or not the conduct of an injured employee was or was not reasonable under all of the circumstances? Plainly enough the referee is the trier of such a question, because the legislature has so declared. Now the situation was briefly this: The claimant was injured in September of 1917, having been struck in one of his eyes by a piece of coal from a blast in one of the defendant's plants. He immediately consulted a physician of the defendant company at its Locust Spring Colliery, who after treating the eye several times sent him to the Pottsville hospital, where he remained from September 20th to September 25th, and then went, still following the advice of defendant's surgeons, to the Jefferson hospital in Philadelphia, where he remained about ten days. He then returned home and again placed himself under the care of Dr. Zimmerman, who seems to have been one of the company's chief surgeons, who gave him a certificate of his fitness to return to work on the 12th of November, but directed him to return from time to time for observation during the following two weeks. The trouble with the eye continued and after a time began to increase and in April of 1918, months after the injury, the defendant's surgeons reached the conclusion that the claimant should have a serious operation known as Iridectomy. This the claimant refused to do, and in his own testimony furnished a rather forceful reason for his conduct. That such an operation could not be said to insure the hoped

for improvement appeared from the testimony of the defendant's surgeons themselves. If it did not improve the eye, it seems to be agreed all around that the sight of that eye would be gone. Were that the worst possible result, there would be little reason in the claimant refusing to submit to such an operation, as it had become apparent that the sight of one eye would be lost in any event. But the claimant declared that it was within his own knowledge that an operation which he believed to be similar to the one he was advised to undergo had resulted in the loss of not only the injured eye, but ultimately of the remaining uninjured eye. In another instance an acquaintance had suffered an eye injury and following an operation of some kind sickened and died. Under these circumstances did the defendant refuse reasonable surgical aid? Did he during the months following the accident, in good faith, seek in every way suggested to him by expert advice, to bring about his own complete recovery from the injury, or to at least palliate if he could not remedy it? We believe this was a question to be decided by the referee under all of the evidence, and we are of opinion that it cannot now be successfully urged that the finding he made in the claimant's favor is without any support in the evidence. It is practically the only question of substance raised by the appeal, and we are not convinced that any error was made by the referee, by the board or by the learned court of common pleas.

The appeal is dismissed at the costs of the appellant.